## CITY OF WEWOKA v. MAGNOLIA PETROLEUM CO.

No. 20542. Opinion Filed Sept. 22, 1931.

V. R. Biggers, for plaintiff in error.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for defendant in error.

HEFNER, J. This is an action brought in the district court of Seminole county by the city of Wewoka against Maggie E. Harrison, Magnolia Petroleum Company, and others to condemn certain land for the purpose of erecting a city water reservoir to be used in connection with its waterworks system. The land condemned consisted of 16.19 acres. Defendant petroleum company held an oil and gas lease on the land. Appraisers were duly appointed to appraise the damage and filed their return fixing defendants' dam-

age at $225 per acre. The report did not apportion the damages among and between defendants. Plaintiff filed exceptions to the report and demanded a jury trial. Before trial, however, it settled with the owners of the land by paying them $100 per acre as their damage. The case as between plaintiff and defendant petroleum company was tried to the court on an agreed statement of facts in which, among other things, it was stipulated:

"It is further stipulated and agreed by and between the parties hereto that this cause is submitted to the court upon the above and foregoing agreed statement of facts, and that the sole question for determination in this cause is the liability of the plaintiff to the defendant, the owner of the leasehold estate upon the property so condemned, and, if there is any liability on the part of the plaintiff and in favor of the defendant, then the liability shall be the sum of seventy-five and no/100 ($75) dollars per acre for the property so taken."

The trial court found in favor of defendant petroleum company, and entered judgment in its favor for the sum mentioned in the stipulation.

Plaintiff contends that defendant petroleum company is not entitled to compensation for the reason that an oil and gas lease is not an interest in real estate; that it is merely a license to enter upon the property and explore for oil. Plaintiff further contends that it was not attempting to appropriate to its own use any of the gas, oil, or other minerals under the land, and that having settled with the owners of the land, it could not be compelled to pay for the appropriation of defendant's leasehold interest. This contention cannot be sustained. The right to reduce oil and gas to possession is a valuable property right. Rich v. Doneghey, 71 Okla. 204, 177 P. 86. Defendant could not be deprived of this right through condemnation proceedings without compensation. In such proceeding the owner of a leasehold estate is entitled to compensation. Tulsa v. Richmond, 123 Okla. 255, 253 P. 279.

Plaintiff also contends that the judgment should be reversed because defendant failed to prove that it suffered damages. It is stipulated that, in the event liability is established against plaintiff, defendant's damages shall be assessed at $75 per acre. In our opinion there can be no question as to defendant's right to compensation. This being true, it was entitled to recover the amount fixed by the stipulation without further proof of damages.

Judgment is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, and McNEILL, JJ., concur. CLARK, V. C. J., and ANDREWS and KORNEGAY, JJ., absent.