## PUBLIC SERVICE COMPANY OF OKLAHOMA v. RABURN et al.

No. 21279. Opinion Filed Feb. 14, 1933.

James H. Gordon and Monk & McSherry, for plaintiff in error.

W. E. Gotcher and Robert J. Bell, for defendants in error.

ANDREWS, J. The plaintiff filed a petition in the district court of Pittsburg county in a condemnation proceeding in an effort to condemn a right of way over 40 acres of what is referred to as the Raburn tract. The jury fixed the amount of the condemnation money at $500. The trial court ordered a remittitur of all sums in excess of $250, to which the defendants agreed. The trial court then overruled a motion for new trial and rendered judgment fixing the amount of the condemnation money at $250. From that judgment the plaintiff appealed.

In State Highway Commission v. Smith, 146 Okla. 243, 293 P. 1002, this court had under consideration the question of consequential damages for the taking of private property for public use, under the provisions of section 24, article 2, of the Constitution. It was therein held that it was not required that damages should be caused by trespass or by an actual physical invasion of the owner's real estate in order to be actionable, and that the elements of damage include all damages or injuries arising from the exercise of the right of eminent domain which cause a diminution of the value of private property, whether this results directly to the property or is but an interference with the right which the owner has to the legal and proper use of the same. That rule is applicable to the facts shown

by the record in this case. In view of the prior announcement thereof, we do not consider it necessary to enter into an extended discussion thereof in this opinion.

The amount of property actually taken is shown by the record in this case to be small, but the record shows that electric wires for the transmission of high voltage electric current were strung across a portion of the land and close to, if not directly over, the dwelling house on the premises; that some of the trees which furnished shade about the premises were cut down; that other trees thereon were trimmed so as to materially interfere with their usefulness as such, and other testimony tending to show a diminution of the value of the private property for the purpose for which it was being used, that is, for a home. We are of the opinion that the amount of the judgment is not excessive under the facts shown by the record in this case.

Complaint is made to the action of the trial court in permitting evidence to be introduced tending to show that such transmission lines would separate or break under certain circumstances and that similar lines in other places had separated and broken causing interference with the use of property in the vicinity thereof. In view of the fact that the lines were strung close to the dwelling house, we are of the opinion that there was no reversible error in permitting the introduction of that testimony. Notwithstanding the decisions cited by the plaintiff, this court is of the opinion that the stringing of high voltage electric wires so close to a dwelling house as to make destruction thereof possible from a breaking of the lines causes a diminution of the value of the dwelling house property and that proof that such wires separate or break under certain circumstances is competent. We think no extended discussion is necessary. The plaintiff contends that any damage sustained from the breaking of such wires is compensable at the time of the injury. Though that be so, that does not prevent a diminution of the value of the dwelling house property when such lines are strung near it and used for the transmission of high voltage electric current. No one would pay as much for a small frame dwelling house on a farm over which high voltage electric wires were strung as he would pay if the wires were not there, and many persons would not want the property for dwelling house purposes. We think that there was no reversible error in permitting the introduction of the testimony complained of.

We have carefully reviewed the instructions and we find that, when taken as a whole, they fairly presented a correct statement of the law on the material issues.

In Oklahoma Natural Gas Co. v. Coppedge, 110 Okla. 261, 237 P. 592, this court held:

"The measure of damages in condemnation proceedings where private property is taken in the exercise of the right of eminent domain under the statutes of Oklahoma is the market value of the property actually taken, at the time it is so taken, and for the impairment or depreciation of value done to the remainder. And in ascertaining the amount of damages it is proper, among other things, to consider the inconvenience and annoyance likely to arise in the orderly exercise or conduct of the enterprise which interferes with the use and proper enjoyment of the property by the owner and which sensibly impairs its value."

We find no reversible error in the instructions given and no reversible error in refusing to give the instructions requested by the plaintiff.

It is contended that the verdict of the jury was held to be excessive by the trial court and that the remittitur ordered did not cure the error. We cannot say that the judgment is excessive. While the trial court held that the verdict was excessive and while it ordered a remittitur, this court cannot say that the verdict was against the clear weight of the evidence, and we hold that the judgment is not against the clear weight of the evidence.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., absent.