## GRAND RIVER DAM AUTHORITY v. BOMFORD et al.

No. 29529.  March 10, 1941.

*111 P. 2d 182.*

R. L. Davidson, of Tulsa, and C. W. King, of Oklahoma City, for plaintiff in error.

L. Keith Smith, of Jay, for defendants in error.

ARNOLD, J. This action was commenced in Delaware county by the Grand River Dam Authority, a public corporation, hereinafter referred to as plaintiff, against George E. Bomford and Wright Bomford, hereinafter referred to as defendants, wherein plaintiff sought to condemn 150 acres out of 170 acres owned by the defendants in section 14, township 25 north, range 23 west, Cherokee survey, Delaware county, Okla., leaving defendants 20 acres in three small separate tracts. Commissioners were duly appointed, and the defendants were awarded $7,674.50. Both parties within due time made demand for a trial by jury. During the trial it developed that there would be a small island adjoining the new bridge approach containing approximately 1.1 acre which would not be needed by the plaintiff, leaving a balance of 148.9 acres to be taken by plaintiff. The jury awarded the defendants $8,436.-70. From this judgment, the plaintiff appeals.

The measure of damages in a condemnation proceeding is the fair market value, which means the money which purchaser willing but not obligated to buy property would pay to the owner willing but not obligated to sell it. In ascertaining the amount of damages it is proper to take into consideration the depreciation in value which will result to that part of the property, not con-

demned, but a part of original tract. Public Service Co. v. Raburn, 162 Okla. 81, 19 P. 2d 167; City of Tulsa v. Creekmore, 167 Okla. 298, 29 P. 2d 101.

The record discloses that in this case the entire trial was predicated upon the above-stated rule as to the measure of damages. The examination of witnesses as well as instructions discloses that it was for the jury to determine the fair market value of the land on the day it was taken for the public use, taking into consideration the damage to the remaining small tracts of land, without regard to any enhanced valuation that might result from the public improvement. During the trial it developed that 1.1 acre of the 150 acres was not needed by the plaintiff, thereby leaving an additional small tract belonging to these defendants. The jury found this small tract to be of little or no value and as instructed by the court deducted the value thereof from their award. The rights of the plaintiff were in no wise prejudiced thereby.

In ascertaining the value of land taken under eminent domain, as above stated, its market value is the test. In this case competent testimony was introduced as to the actual market value of the land herein involved. On cross-examination of one of the defendants the plaintiff attempted to bring out the amount of rent received by him for a specific period. The market value being the test, and there having been introduced competent testimony as to such market value, there was no prejudicial error in refusing to permit plaintiff to inquire of defendant as to rents received from tenant.

It is also the contention of the plaintiff that the tax returns of the defendants constitute a sworn statement which should be admitted in evidence to impeach the testimony of the defendants regarding the value of the premises. This question has been before this court on a number of occasions. In the very recent case of Grand River Dam Authority v. Thompson et al., 187 Okla. 129, 101 P. 2d 843, the court had before it the identical fact situation, and in syllabus 2 by the court held as follows:

"In a condemnation proceeding it is not error to refuse to admit a tax return in evidence to impeach the testimony of the landowner regarding the value of the land being condemned, since the oath subscribed upon such return affects only the correctness of the property list, and is not a statement of the owner as to the value of such property."

The court in that case went into a complete discussion of this question, and it is not necessary to repeat the reasoning here. The oath of the taxpayer upon his tax return is to the effect that he has correctly listed all of his property as provided by law and is not a statement of the owner as to the value of such property. The tax return, therefore, should not be admitted in evidence to impeach the testimony of the defendants regarding the value of the premises.

The instructions to the jury, taken together and considered as a whole, should fairly present the law of the case, and if there is no conflict between them, that will be sufficient. It is not necessary for each instruction to embody the whole case. City of Tulsa v. Lloyd, 129 Okla. 27, 263 P. 152; City of Ada v. Criswell, 185 Okla. 517, 94 P. 2d 838, and many other cases. The instructions in this case, taken as a whole, are sufficient, and there was no prejudicial error contained therein.

Where an assignment of error alleges that damages awarded by a jury are excessive and the record fails to disclose facts upon which can be predicated such error other than a conflict of evidence between the witnesses, the court will not disturb the verdict of such jury where there is any evidence reasonably tending to support it. In other words, the court will not substitute its judgment for that of the jury in the matter of damages to be awarded for the condemnation of property for public use merely because the evidence on that issue is in conflict. Ponca City v. Lewis et al., 177 Okla. 390, 60 P. 2d 727; Denney v. State ex rel. King, 179 Okla. 35, 64 P. 2d 298; City of Cushing v. Pote, 128 Okla. 303, 262 P. 1070, and many others. In this case many witnesses testified for both plaintiff and defendants, and as usual in such cases

514

witnesses for the plaintiff testified to a low value and the witnesses for defendants to a high value. Somewhere between these two figures, no doubt, is the fair market value of the property taken. It was for the jury to determine such value from the evidence. The jury did determine the value, and the record discloses ample evidence to support that verdict.

The judgment of the lower court is, therefore, affirmed.

CORN, V. C. J., and OSBORN, BAYLESS, and HURST, JJ., concur.