GRAND RIVER DAM AUTHORITY
v. BYMASTER et al.

No. 29973.    Sept. 9, 1941.

*116 P. 2d 902.*

R. L. Davidson, General Counsel, and Q. B. Boydstun, Jesse L. Ballard, and

Gayle M. Pickens, Assts. Counsel, all of Vinita, for plaintiff in error.

L. Keith Smith, of Jay, for defendants in error.

OSBORN, J. The Grand River Dam Authority, hereinafter referred to as plaintiff, commenced this action in the district court of Delaware county against J. H. Bymaster and Nellie Bymaster, hereinafter referred to as defendants. Plaintiff is a public corporation operating under legislative authority. The purpose of the organization is to control, store, and preserve the waters of Grand River for the purpose of development of water power, electric energy, and other purposes. In this action it was sought to condemn and fix compensation for certain real property owned by defendants. From a judgment of the court on the verdict of the jury fixing said compensation, plaintiff has appealed.

It was alleged that defendants are the owners of a 20-acre tract of land located in the basin or reservoir to be formed by the construction of the Grand River Dam; that it was necessary to acquire fee-simple title to said property. The sole issue presented to the jury was the determination of the amount of compensation to defendants for the taking of the property.

It is urged that the verdict is excessive. In this connection it was shown that the property involved was a 20-acre tract of land upon which defendants made their home. The improvements consisted of a four-room dwelling house, a concrete cellar, a granary, a henhouse, a hog shed, a well and windmill, some fencing and a number of fruit trees. The estimates of value placed upon the property by defendants' witnesses ranged from $2,800 to $4,200, while the estimates of value of the plaintiff's witnesses ranged from $1,775 to $2,076. The appraisement of the property by the commissioners appointed by the court was $2,355. The verdict of the jury was for $2,700. This verdict is not excessive. See Grand River Dam Authority v. Bomford, 188 Okla. 512, 111 P. 2d 182.

As grounds for reversal it is also urged that the trial court erred in denying plaintiff's application for a change of venue. The application was urged on the ground that certain bias and prejudice against the plaintiff existed among the citizenship of Delaware county so that a fair and impartial jury could not be drawn from said county to determine the issues of fact between plaintiff and these defendants and other defendants in other similar cases pending before the district court. A number of affidavits were presented by the parties and some oral testimony was taken. There was a sharp difference of opinion among the witnesses. While some witnesses were of the opinion that the bias and prejudice against the plaintiff was such that a fair trial could not be had, others expressed the contrary view. There was some evidence that there was sentiment in the county to the effect that the property owners within the basin or reservoir of the project were seeking excessive prices for their property. The trial court determined the issue against the plaintiff. Extensive findings of fact were made on the point wherein it was stated that although a great number of citizens lived in and around the basin or reservoir of the project, such citizens would not be permitted to sit as jurors. It was the opinion of the court that jurors could be obtained from other sections of the county, and therefore no detriment to plaintiff would be sustained by the trial of this and other similar causes in Delaware county. It is well settled that an application to obtain a change of venue is addressed to the sound discretion of the court, and the ruling thereon will not be reversed on appeal unless it appears that there was a clear abuse of such discretion. Gee v. Security Bank & Trust Co., 186 Okla. 477, 98 P. 2d 922. No abuse of discretion is shown here.

It is further urged that the trial court erred in the refusal to give a requested instruction to the effect that the necessity of the condemning party to acquire defendants' property for a particular purpose cannot be considered as an element of damage to the landowner. An examination of the instructions given by the court discloses that the measure of damages was correctly stated in the instructions, and the jury was instructed to the effect that no other elements or factors should be considered in arriving at the amount of compensation to which the defendants were entitled. It is thus clear that no error was committed in refusing to give the requested instruction. Grand River Dam Authority v. Victor, 189 Okla. 162, 114 P. 2d 465.

Other assignments of error have been examined and are without merit.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and GIBSON and DAVISON, JJ., concur.