GRAND RIVER DAM AUTHORITY v. BEAUCHAMP et al.

No. 29972. Sept. 9, 1941.

*116 P. 2d 904.*

R. L. Davidson, General Counsel, and Q. B. Boydstun, Jesse L. Ballard, and Gayle M. Pickens, Assts. Counsel, all of Vinita, for plaintiff in error.

L. Keith Smith, of Jay, for defendants in error.

OSBORN, J. This proceeding was commenced in the district court of Delaware county by the Grand River Dam Authority, hereinafter referred to as plaintiff, against Alta F. Beauchamp and E. H. Beauchamp, hereinafter referred to as defendants, wherein it was sought to condemn and fix compensation for certain lands owned by defendants which were taken under the exercise of the right of eminent domain. From a judgment of the trial court upon a verdict of the jury fixing the amount of said compensation, plaintiff has appealed.

Plaintiff is a public corporation existing under legislative authority. It is authorized and empowered to control, store, and preserve the waters of Grand River for the purpose of development of water power, electric energy, and for other purposes. It proposed to construct a dam across the Grand River near Pensacola for the purpose of impounding its waters. It was alleged that it had become necessary to acquire fee-simple title to all lands in the basin or reservoir area below the meander line running on the 750-foot contour level; that a portion of the tracks and right of way of the Kansas, Oklahoma & Gulf Railway Company were below the 750-foot contour level of the Grand River Dam Lake and will be inundated by the impounded water, so that it was necessary that said tracks and right of way be relocated above the 750-foot contour level of the lake; that the plaintiff had entered into a written agreement to procure and deliver to the railway company the title to the necessary land for the relocation of its tracks. It appears that defendants are the owners of a 40-acre tract of land upon which said railway right of way had been relocated; that said right of way extended diagonally across the 40-acre tract of land, which divided the same into two tracts consisting of 27.3 acres and 9.5 acres, respectively. The area of the right of way consisted of 3.2 acres.

It is urged that the verdict of the jury is excessive. In this connection defendants' witnesses estimates of the damage to the defendants, which embraced the actual value of the land taken, plus the damages to the remainder of the tract caused by the taking, ranged from $1,500 to $1,000. On the other hand, the estimates of such damages by plaintiff's witnesses ranged from $344 to $144. The appraisement of said damages by the commissioners appointed by the court was $600. The verdict of the jury was for $700. This verdict is not excessive. See Grand River Dam Authority v. Bomford, 188 Okla. 512, 111 P. 2d 182.

It is further urged that the trial court erred in denying plaintiff's application for a change of venue, and that the trial court committed error in the refusal of a requested instruction. An examination of the arguments contained in the briefs discloses that the contentions and arguments on these two propositions are identical with the contentions made and considered by this court in cause No. 29973, Grand River Dam Authority v. Bymaster, this day considered and determined by this court, 189 Okla. 245, 116 P. 2d 902, and the decision therein is determinative of these issues.

Other contentions have been considered and are without merit.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and GIBSON and DAVISON, JJ., concur.