GRAND RIVER DAM AUTHORTYI v. AUDRAIN et al.

No. 30319.    Sept. 14, 1943.

*141 P. 2d 97.*

Q. B. Boydstun, of Vinita, and Jesse L. Ballard, of Tulsa, for plaintiff in error.

A. L. Commons, of Miami, for defendant in error.

OSBORN, J. This action was instituted in the district court of Ottawa county by the Grand River Dam Authority, hereinafter referred to as plaintiff, against James Robert Audrain and others, hereinafter referred to as defendants. The purpose of the proceeding was to fix compensation for real property owned by defendants which had been appropriated to a public use. From a judgment upon a verdict fixing the amount of said compensation, plaintiff has appealed.

As its first proposition plaintiff urges that the award of the jury is excessive and appears to have been given under the influence ·of passion and prejudice.· The land appropriated by plaintiff consisted of 2.2 acres, of irregular shape, which was taken out of a tract of land containing 21.74 acres. This land was necessary for use as right of way for the St. Louis-San Francisco Railway Company, which line had been relocated since a portion of the original right of way was below the contour line of a reservoir area created by the erection of Grand River Dam. It appears that defendants owned a dwelling house located on land adjacent to the land condemned in the instant proceeding, which dwelling house was below the contour line of the reservoir area, and in the instant proceeding it was also sought to fix the value of said dwelling house and to award compensation for the taking thereof. The verdict of the jury was in the sum of $1,569.18. This amount was considerably more .than the estimates of value and damages fixed by plaintiff's witnesses, but was well within the estimates of value of the property taken, and damages to the remainder resulting from such taking, as fixed by the witnesses for defendants. Examination of all the evidence in the record relating to value and damages discloses that plaintiff's contention that the verdict is so excessive as to indicate passion and prejudice, is without merit and that there is ample competent evidence to sustain the findings of the jury in this respect.

It is also contended that defendants' counsel was guilty of certain misconduct in argument of the cause to the jury which requires a reversal of this cause. It appears that, in presentation of the cause to the jury, counsel for defendants stated: "If you make a mistake and

give him too high damages the Grand River Dam Authority, with all its broad powers, can appeal it to the Supreme Court____." This is improper argument, but does not require a reversal of the cause, since prompt objection was made thereto and the objection was sustained by the trial court and it does not appear that the jury was improperly influenced by the statement of counsel. City of Tulsa v. Macura, 186 Okla. 674, 100 P. 2d 269. Plaintiff complains of other statements made by defendants' counsel to the jury. These have been examined and are not within the field of objectionable comment in view of the rule in this jurisdiction that very great latitude is allowed to counsel in comment upon matters having a legitimate and recognized legal relationship to matters at issue. Mayo Hotel Co. v. Danciger, 143 Okla. 196, 288 P. 309.

It appears that the cause was fairly tried and submitted to the jury under proper instructions. The verdict was approved by the trial court and the record is free from reversible error.

The judgment is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. DAVISON, J., absent.