APPLICATION OF HARPER et al.
HARPER et al. v. LORD et al.

No. 31671, May 1, 1945.

*158 P. 2d 472.*

Richardson, Shartel, Cochran & Pruet and T. Murray Robinson, all of Oklahoma City, for plaintiffs in error.

Gilliland, Ogden, Withington & Shirk, of Oklahoma City, for defendants in error.

RILEY, J. This is an appeal by Harper and Turner, joined by The British-American Oil Producing Company, from a judgment of the district court of Oklahoma county.

The judgment granted appellants a permit to drill for oil and gas in an area comprised of blocks 42 to 45, inclusive, Shields South Oklahoma addition to Oklahoma City.

The judgment sustained the board of adjustment in fixing, under authority of city ordinance, payment to owners of 32 unleased lots in block 42 as a condition to the issuance of the permit to drill. The condition so fixed directed payment to the owner of each unleased

lot. (or equivalent of 3,500 square feet in area) the sum of $100 cash and of like amount from the value of oil produced from $\frac{1}{32}$ of the $\frac{7}{8}$ working interest. It is the sole contention of appellants that the payment so fixed is excessive.

This unusual situation is presented. Provision of the city ordinance applicable allows one well to be drilled in each block of a drilling area. The appellants, however, were confronted with the federal regulation (Conservation Order M-68, Petroleum Administrator for War) restricting the use of critical materials such as required in development for petroleum to 40 acres in a drilling area. There were exceptions provided in the federal restriction and in order to come within an exception, which was subsequently allowed, appellants included block 42 in the proposed drilling area.

The appellants now urge that there was no competent evidence to support that part of the order and judgment fixing payments, and they contend, in the alternative, that the judgment and order to the extent stated was against the clear weight of the evidence.

Appellants rely upon the testimony of geologists Murphy and Shields, who expressed the opinion that lots in block 42 were valueless for oil and gas purposes. Likewise, they rely upon testimony of C. R. Welch and T. J. Duncan, manager and leaseman in the land department of Harper and Turner. These witnesses fixed the lease value of the lots in question at a nominal sum and not to exceed $25.

Appellants seek to exclude the testimony of Joe E. Lord and Jasper Emerson, owners of lots in block 42. Both of these witnesses testified they had lived in the vicinity many years; that they were familiar with the lease values in the Oklahoma City field since its discovery in 1928 and particularly in the area involved. The lease value fixed by these witnesses supports the judgment and order. If they were competent witnesses the judgment and order was supported by evidence. In Gypsy

Oil Co. v. Karns, 110 Okla. 156, 236 P. 608, the view was expressed that the owner of real estate is assumed to possess sufficient acquaintance with it to estimate the value of the property and it was said that a property owner who occupies the same and is familiar with the purposes for which it may be used, and with values in the community, may testify as to its value. The view so expressed was supported by the authorities cited. In 20 Am. Jur. § 892, the rule is stated:

"It is generally recognized that the opinion testimony of the owner of property, because of his relationship as owner, is competent and admissible on the question of value of such property. . . ."

Tested by the rule stated, Lord and Emerson were competent witnesses. The final issue is the weight, credit, force, and effect to be given the testimony so adduced. It would seem that their interest as sellers might be viewed as comparable to that of the purchasers, or agents who acted for the purchasers. McAfee v. Harden, 180 Okla. 546, 71 P. 2d 463. The rule is stated that:

"It is for the trial court, in an action of purely equitable cognizance, to determine the credibility of witnesses, and the weight and value to be given their testimony."

Affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, and DAVISON, JJ., concur. ARNOLD, J., not participating.