TULSA COUNTY DRAINAGE DIST. NO. 12 v. WRIGHT.

No. 32020. Jan. 15, 1946.

Rehearing Denied Feb. 5, 1946.

*165 P. 2d 639.*

Conn Linn and Woodson E. Norvell, both of Tulsa, for plaintiff in error.

B. A. Hamilton, of Tulsa, for defendant in error.

CORN, J. The plaintiff in error, plaintiff in the trial court, brought this action against the defendant in error, defendant in the trial court, to condemn 3.8 acres of land for public use in a flood-control project, out of a 10-acre tract belonging to the defendant.

Commissioners were appointed by the court to estimate the damage to the owner and they fixed the amount at $519. A jury was demanded by the defendant landowner and its verdict was for $2,000.

There is a very wide variance in the value of the land taken, as testified to by the witnesses who testified in the case, ranging from $80 per acre to $1,500 per acre. Before the jury returned the verdict it viewed the premises.

This land in controversy is situated at Bruner Station on the Sands Springs Railway and Katy Railroad between Tulsa and Sand Springs. It is surrounded on three sides by developed residential property and on the west is the industrial development around Sand Springs and the city of Sand Springs.

The measure of damages in condemnation proceedings where private property is taken for public use is the fair market value of the property at the time it is taken, and for the impairment or depreciation of value done to the remainder. Public Service Co.

of Oklahoma v. Raburn et al., 162 Okla. 81, 19 P. 2d 167.

Where the evidence reasonably supports the recovery assessed by the jury, the verdict will not be deemed to be excessive upon the ground that there was evidence upon which a verdict for a less amount might have been granted. Grand River Dam Authority v. Gray, 192 Okla. 547, 138 P. 2d 100.

We find ample competent evidence in the record to support the verdict of the jury and the judgment rendered thereon.

Judgment affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.