## CITIES SERVICE GAS CO. v. HUEBNER et ux.

No. 32943.   March 30, 1948.

Rehearing Denied Sept. 28, 1948.

*197 P. 2d 985.*

Glenn W. Clark, R. E. Cullison, Darall G. Hawk, and Robert R. McCracken, all of Oklahoma City, for plaintiff in error.

Merle Lansden, of Beaver, for defendants in error.

HURST, C.J.   The Cities Service Gas Company appeals from a judgment entered on the verdict of the jury in a condemnation proceeding wherein the company condemned a pipe-line right of way across two quarter sections of land in Beaver county belonging to E. H. Huebner and Augusta Huebner, his wife.   The right of way covered a strip

of land 82.5 feet wide and containing approximately ten acres. The commissioners fixed the damages to the land at $250 and allowed nothing for crop damage. The award was filed on September 9, 1943. In due time, Mr. and Mrs. Huebner filed their demand for a jury trial. The cause was tried to a jury on May 7, 1946, and after the works had been completed. The defendants called as witnesses five men, other than Huebner, who testified that the value of the land at the time of its appropriation was $50 per acre and that the depreciation in the value of the remainder of the farm, caused by the appropriation, was from $10 to $15 per acre. On the other hand, the plaintiff called several witnesses who testified that the depreciation in the value of the land, caused by the appropriation, was from $250 to not over $387.50 per quarter section or $2.50 per acre. Witnesses for defendants testified that the pipe line was a 24-inch line and was buried several feet deep; that the plaintiff used bulldozers and other heavy machinery in laying the pipe line and in places got over on land not included in the right of way; that pieces of wood, iron and asphalt were left on the right of way and partly buried; that the fertility of the soil where the line was laid was injured; that erosion would result from the leaving of the infertile subsoil on top of the ground and making a ridge where the line was buried; that holes were left in the right of way; and that the fact that a pipe line crossed the farm depreciated the market value of the land. At the request of the plaintiff, the jury was permitted to view the premises.

The jury returned a verdict for $1,600 for the value of the land taken and the damages to the remainder of the land, $216 for one-third of the value of the crops damaged or destroyed, and $25 for an abstract, making the total damages in the sum of $1,841, for which judgment was rendered.

The plaintiff argues the case under three general propositions:

1. Under the first general proposition, three specific questions are argued.

a. It is first contended that the evidence does not reasonably tend to support the judgment. We have set out above a summary of the testimony on this question, which refutes this contention. The highest estimate of depreciation to the land not taken was $15 per acre, or $4,650. All the witnesses agreed that the value of the 10 acres condemned was $50 per acre, or $500. It follows that the evidence supported the judgment for $1,600 for the value of the land taken and the damage to the remainder of the two farms.

b. Plaintiff next argues that instructions Nos. 3 and 8 are conflicting. No. 3 had to do with the rights of plaintiff to ingress and egress for the purpose of inspecting, maintaining and repairing the pipe line, and the right of the landowner to cultivate over the right of way subject to such rights, and reverter in case of abandonment. No. 8 properly defines just compensation for the taking. We find no conflict between the two instructions.

c. Plaintiff next complains of the giving of instructions Nos. 9 and 14. No. 14 is as follows:

"In ascertaining the amount of damages it is proper among other things to consider the inconveniences and annoyances likely to arise in the orderly exercise or conduct of the enterprise which interferes with the use and proper enjoyment of the property by the owner and which sensibly impairs its value."

No. 9 is substantially identical with No. 14. It is urged that the exact duplication tended to mislead and confuse the jury, and that although such language is found in some decisions of this court, it seems to have been laid down in a case involving a septic tank and sewer and, without the use of the expression "if any", it is prejudicial error in the instant case because speculative elements of damage are injected into the jury's thinking. Plaintiff

cites no authority supporting the contention that the giving of duplicate instructions constitutes reversible error. The jury must be deemed to have been men of common sense, who would regard it as only inadvertent duplication.

The rule of law contained in these instructions was first stated in Incorporated Town of Sallisaw v. Priest, 61 Okla. 9, 159 P. 1093, a septic sewer case. We reiterated the rule in Oklahoma Natural Gas Co. v. Coppedge, 110 Okla. 261, 237 P. 592, a gas pipe line. We find no merit in this contention.

2. The plaintiff's second general proposition is that the judgment is contrary to law. Again three distinct questions are argued under this proposition.

a. Plaintiff argues that the evidence that land off the right of way was damaged, and that pieces of pipe, iron and asphalt were left on and off the right of way during the laying of the line established negligence, and that in assessing damages in an eminent domain proceeding nothing can be allowed for negligence or trespass. The question was first raised by the plaintiff, the defendants merely introducing evidence as to what was done as an incident to laying the line. They introduced no evidence that such acts were not reasonably necessary in order to lay the line. Their evidence was calculated to establish the elements entering into the depreciation in the value of the land caused by the exercise of the power of eminent domain. Plaintiff cites authorities that seem to support this contention. But, the authorities are divided on this question, where, as here, the works have been completed prior to the trial. In Oklahoma Gas & Electric Co. v. Miller Bros., 101 Ranch Trust, 173 Okla. 101, 46 P. 2d 570, relied upon by plaintiff, it does not seem that the works had been completed at the time of the trial, and the error on which the reversal was based was that the trial court permitted the introduction of evidence to the effect that in repairing the line the condemnor would have the right of ingress and egress over the entire farm instead of only where the right of way entered and left the farm. In the later cases of Oklahoma City v. Collins-Dietz-Morris Co., 183 Okla. 264, 79 P. 2d 791, and State v. Adams, 187 Okla. 673, 105 P. 2d 416, we pointed out that the condemnee is entitled to be fully compensated for his damages irrespective of negligence. In this connection, see 124 A.L.R. 416, note. Some of the cases holding that no allowance can be made for willful or negligent acts were cases where the trial was had before the works were constructed, which is clearly correct, since damages for such acts that may not occur would be based entirely upon conjecture and speculation. We are committed to the rule that, where the trial is had after the works are completed, it is proper to assess the damages on the basis of the facts existing at the time of the trial, since the element of conjecture and speculation is then absent. State v. Winters, 195 Okla. 243, 156 P. 2d 798; Arkansas Valley & W. Ry. Co. v. Witt, 19 Okla. 262, 91 P. 897. The rule allowing the jury to consider the damages resulting from trespass or negligence, where the works are completed at the time of the trial, is based upon two reasons, (1) to avoid a multiplicity of suits as stated in Arkansas Missouri Power Co. v. Killian (Mo.) 40 S. W. 2d 732, and to avoid placing an undue burden upon the condemnee, whose property is taken without his consent, and (2) that the condemnor should not be heard to urge its own wrongs to mitigate the damages, as said in United Power & Light Corp. v. Murphy (Kan.) 9 P. 2d 658. The court gave no instruction on the question of negligence. The instructions as to the measure of damages were in accord with our prior decisions. See Public Service Co. v. Raburn, 162 Okla. 81, 19 P. 2d 167. We find no merit in this contention.

b. Plaintiff next contends that the court committed error in refusing its

offer of proof that the pipe line was laid by an independent contractor and that hence it was not liable for the acts, just referred to, committed by the independent contractor, and that error was also committed in refusing its requested instruction on this question. Plaintiff cites Nichols on Eminent Domain (2d Ed.) §471, and other authorities in support of this contention. But it would seem that if, as we have just said, the condemnor cannot urge its own wrongs already committed to mitigate the damages in a condemnation proceeding, it should not, for the same reasons, be permitted to urge the wrongs of its independent contract to accomplish that result where the works are already constructed at the time of the trial.

c. The plaintiff next contends that the court committed error in allowing interest on the judgment in excess of the award of the commissioners which was paid in court on November 10, 1943. The court instructed the jury to fix defendants' recovery at the difference between the fair market price of the land immediately before and immediately after the appropriation of the land. Nothing was said in the instructions regarding interest. We think the only fair construction to be placed upon this instruction is that the jury should fix the amount of damages as the difference in value immediately before and immediately after November 10, 1943, which would exclude interest on said sum. We think it is unquestionably clear that the jury did not allow interest. The court, therefore, properly allowed interest. Wilkerson v. Grand River Dam Authority, 195 Okla. 678, 161 P. 2d 745. See, also, Blackwell E. & S. Ry. Co. v. Bebout, 19 Okla. 63, 91 P. 877 (where no such instruction was apparently given, and interest was not added to the verdict from the date of the appropriation); and Lewis on Eminent Domain (3rd Ed.) §742.

3. The last general proposition is that the court committed prejudicial error in the conduct of the case. Plaintiff argues four specific questions under this general proposition.

It first argues that error was committed in admitting evidence (1) that the construction crew went outside the 82.5-foot strip condemned and left asphalt and pipe off the right of way, and (2) the pipe line would carry gas at high pressure, thus injecting the element of fear into the case. But the evidence was not objected to, and error cannot be predicated on its admission. Keahey v. Craig, 186 Okla. 162, 96 P. 2d 521; 2 Oklahoma Digest (West) §204 (1).

Plaintiff also contends that defendants' witnesses as to the depreciation in the market value of the lands caused by the appropriation was weakened by their admissions on cross-examination. But it was for the jury to pass upon the weight to be given to the testimony of the various witnesses. See City of Tulsa v. Creekmore, 167 Okla. 298, 29 P. 2d 101, and authorities there cited.

b. Plaintiff complains of the giving of instruction No. 10:

"You are further instructed that in determining the depreciation in value of the land by the construction and operation of a high pressure gas line across it, if any depreciation has been caused, you have no right to include in your estimate damages occasioned by crossing said lands with trucks and other vehicles after the line is laid or loss or damages occasioned by fire or escaping gas. The law requires the gas company to pay for such losses and such losses cannot be recovered until they actually occur. But, if the mere fact of transporting gas under high pressure and the destruction of growing crops in the future in maintaining and repairing the gas line, etc., depreciates the saleable value of the land and decreases its actual reasonable market value, then any such depreciation may be considered by you in assessing the damage to the remaining portion of said land."

It is the last part of which plaintiff complains. It says the last portion of

the instruction injects speculative damages in the case, assumes the existence of facts not in evidence, and emasculates instruction No. 7 which plaintiff says it requested. By this instruction, the court left to the good judgment of the jury the question of whether the building and maintaining of the line would cause a depreciation in the market value of the land, and it was proper to give the last portion in connection with the remainder, to which plaintiff makes no objection. We think this instruction was proper. See Oklahoma Gas & Electric Co. v. Kelly, 177 Okla. 206, 58 P. 2d 328; Grand River Dam Authority v. Martin, 192 Okla. 614, 138 P. 2d 82.

c. Plaintiff next contends that error was committed in giving instruction No. 11:

"You are instructed that the opinion of experts as to the value of the property involved is not binding on the jury. You have the right to reach your own conclusions and from all the evidence in the case, and entirely disregard the opinion of experts as to the value of the property taken if in your sound judgment such opinion should be disregarded."

Plaintiff says this instruction singles out for attack one class of evidence, and that it is not in harmony with the general instruction on the credibility of witnesses. We have approved similar instructions, and find no merit in this contention. See Midland Valley Ry. Co. v. Gibson, 94 Okla. 193, 221 P. 100, and cases there cited.

d. Finally, plaintiff says error was committed in giving instruction No. 12:

"In estimating damages the jury are permitted to exercise in weighing the evidence their individual judgments as to the values upon subjects within their knowledge which they have acquired through experience and observation."

Plaintiff says this instruction is objectionable in not requiring the jurors to base their judgment as to the weight of the evidence on their experience and observation in common with mankind generally. We think the jury was not misled by this instruction, though it might have been more artfully drawn.

We have noticed all the contentions of the plaintiff. Plaintiff cites on authorities in support of several of them. We think the plaintiff had a fair trial, and the jury was fairly instructed, and the verdict as to the damages cannot be said to be excessive.

Affirmed.

DAVISON, V.C.J., and RILEY, BAYLESS, CORN, ARNOLD, and LUTTRELL, JJ., concur. WELCH and GIBSON, JJ., dissent.