## CITIES SERVICE GAS CO. v. WILLIAMS et al.

No. 32942. March 30, 1948.

Rehearing Denied Sept. 28, 1948.

*198 P. 2d 204.*

Glenn W. Clark, R. E. Cullison, Darall G. Hawk, and Robert R. McCracken, all of Oklahoma City for plaintiff in error.

Rex Belisle, of Oklahoma City, and Merle Lansden, of Beaver, for defendants in error.

HURST, C.J. This case involved the same issues, was tried by the same

attorneys, before the same judge and at the same term of court as Cities Service Gas Co. v. Huebner, 200 Okla. 521, 197 P. 2d 985.

The condemnees in the present case were Helen Williams, owner of the three quarter sections of land across which the high pressure gas line was laid, and Charles H. Martin, brother of Helen Williams and tenant on the land at the time the strip across the same was appropriated in the fall of 1943. The commissioners appointed to appraise the damages assessed the damages to the land suffered by Helen Williams at $375 and the damages to the crops suffered by Martin at $30. These sums were paid into court on November 10, 1943. The defendants demanded a jury trial. The pipe line was laid during the first three months of 1944. The trial was held in May, 1946, resulting in a verdict and judgment for Helen Williams in the sum of $1,175 and for Martin in the sum of $460, with lawful interest on the amounts not paid in court from the date of the appropriation, from which the plaintiff has appealed.

The nature of the damages testified to was similar to that testified to in the Huebner case, above. The jury was permitted to view the premises on the request of the plaintiff. Several witnesses, most of them extensive wheat farmers residing in the vicinity of the lands, testifying for the defendants, estimated the depreciation in the market value of the 480 acres at from $10 to $15 per acre and the crop damage up to $669.60. The witnesses testified that the elements entering into the depreciation in the market value of the land were (1) erosion caused by digging the ditch, which was from six to eight feet deep, and leaving on top the infertile subsoil, (2) damage caused by patroling the line in cars and trucks which had been done at frequent intervals, (3) danger from leaks, which had occurred in several places on the farms, and (4) the leaving of pipe, chunks of oak timber and asphalt on the land both on and off the 82.5 foot right of way. The witnesses for the plaintiff estimated the depreciation in the value of the farms at from practically nothing to $2.50 per acre, or $1,200, and the crop damages at from about $30 to $332.40. It will thus be seen that the damages awarded for depreciation in the value of the land was slightly less than the highest amount estimated by plaintiff's witnesses and less than one-sixth of the highest amount estimated by the defendants' witnesses, and the crop damages awarded were $109.60 below the highest estimate of defendants' witnesses and $127.60 higher than the highest estimate of plaintiff's witnesses.

The same errors are urged here as were urged in the Huebner case. The instructions given and refused in the two cases were substantially the same. What we said in the Huebner case is applicable here, and for the reasons therein stated, the judgment here should be affirmed.

Affirmed.

DAVISON, V.C.J., and RILEY, BAYLESS, CORN, ARNOLD, and LUTTRELL, JJ., concur. WELCH and GIBSON, JJ., dissent.