ARKANSAS LOUISIANA GAS COMPANY,
a corporation, Plaintiff in Error,

v.

Harvey A. ACKLEY and Olive B. Ackley,
husband and wife, Defend-
ants in Error.

No. 41071.

Supreme Court of Oklahoma.

Dec. 21, 1965.

Tucker & May, Charles B. Tucker, Mc-Alester, for plaintiff in error.

Russell & Russell, Wayne Russell, Wilburton, for defendants in error.

## PER CURIAM.

This is an appeal from a judgment of the District Court of Latimer County, Oklahoma. The parties will be designated herein as in the trial court.

The action was instituted by plaintiff, Arkansas Louisiana Gas Company, a corporation, against Harvey A. Ackley and Olive B. Ackley, husband and wife, defendants, for condemnation of a pipeline right-of-way across a portion of a 70-acre tract of land in Latimer County, Oklahoma, owned and resided upon by defendants. The right-of-way sought to be condemned across defendants' land covers a strip of land 80 feet wide and 44 rods long, and contains approximately 1.32 acres. Both plaintiff and defendants filed demand for a jury trial. Trial to the jury resulted in a verdict in favor of defendants, fixing their damages at $800.00.

For reversal, plaintiff assigns four errors with which we will deal in the order in which they are presented.

Plaintiff first contends that the trial court erred in denying plaintiff's application for a change of venue from Latimer County, Oklahoma. Plaintiff's right-of-way and land man testified that there had been a meeting held in Latimer County by some of the citizens, in which certain derogatory remarks were made of plaintiff; at this meeting opposition to the acquisition of the right-of-way by plaintiff was expressed, and the attitude of the landowners throughout the county was very prejudicial and hostile. Plaintiff offered four other witnesses, who testified about the meetings held in connection with plaintiff's effort to secure a right-of-way, and there was some bitterness because of the price which plaintiff was offering therefor. One of plaintiff's witnesses expressed an opinion that plaintiff could get a fair and impartial trial in that county, and another of said witnesses, when asked, said, "There is no question in my mind about it."

In opposition to this testimony, defendant offered the testimony of 10 witnesses, who were residents of the county, all of whom were of the opinion that plaintiff could secure a fair trial in Latimer County, Oklahoma. After hearing the testimony the trial court denied plaintiff's application for a change of venue.

The granting of a change of venue by a trial court, under the provisions of 12 O.S.1961, Sec. 140, is discretionary with the court, and his ruling thereon will not be reversed on appeal unless it appears that there was a clear abuse of such discretion. Grand River Dam Authority v. Bymaster, 189 Okl. 245, 116 P.2d 902; Keck Construction Co. v. Bruster, Okl., 368 P.2d 1003; Parnacher v. Mount, 207 Okl. 275, 248 P.2d

1021; Horton v. Haines, 23 Okl. 878, 102 P. 121.

■ In denying plaintiff's application for a change of venue we cannot say that the trial court abused his discretion and, therefore, such denial would not constitute reversible error.

■ Plaintiff next contends that the trial court erred in overruling its challenge to the jury panel and its motion to quash. The basis upon which this challenge rests is that J. L. Lawrence, Sheriff of Latimer County, was the defendant in a case brought by plaintiff against Lawrence to condemn a right-of-way across land belonging to him and that, therefore, the jury panel was improperly drawn.

The evidence offered in support of this challenge established that the Sheriff was a defendant in a case set for trial at the same jury term in which this case was tried. The evidence further showed that between the 10th and 25th of November, preceding, the court clerk, one of the Sheriff's deputies, and the tax assessor had taken names from the roll of taxpayers in the county and placed them in the jury wheel, as required under 38 O.S.1961, Sec. 21. When the particular panel of 88 jurors was drawn in January, 1964, it was drawn from the jury wheel by the court clerk and the sheriff, in the presence of the district judge. The evidence shows that it was not possible for the sheriff to see the names which were drawn from the jury wheel; the officers would draw a few names and then turn the wheel, and as the names were drawn out the full list was made up and the court clerk issued summonses for the jurors so chosen.

We are of the opinion that there is no showing made that the jury panel drawn for the trial of this and other cases was not drawn as required by law, nor is there any showing that the sheriff did, or could, exercise any control over the names of the jurors drawn from the jury wheel. The trial court heard the evidence with regard to this challenge and denied both the challenge and motion to quash. We are of the opinion there was no error in this respect.

The only authorities cited by plaintiff in support of its contention here are Grisson v. State, 16 Okl.Cr. 569, 185 P. 452, and other similar cases. The Grisson case is not in point here, for the reason that in the cited case some of the jurors were summoned on an open venire by a deputy sheriff, and unlike the drawing of names from the jury wheel there would, in the case of an open venire, be an opportunity for selection of those summoned.

■ Plaintiff next contends that the trial court erred in permitting defendant, Harvey A. Ackley, to express his opinion as to the value of the land sought to be taken. The evidence showed that Ackley was the owner and resided upon the land in question, and he claimed that he was familiar with land values in that area.

In Application of Harper (Harper et al. v. Lord et al.), 195 Okl. 386, 158 P.2d 472, we held that an owner of realty, living thereon, and familiar with the value of the property for oil and gas purposes, was a competent witness to testify as to the property's value for an oil and gas lease. See also Chase v. MacDonell, 154 Okl. 165, 7 P.2d 465; Gypsy Oil Company v. Karns, 110 Okl. 156, 236 P. 608.

■ We have also held that to reverse a trial court on its determination of the competency of an expert, an abuse of discretion must be shown. Lyons v. McKay, Okl., 313 P.2d 527; Finley v. State ex rel. Dept. of Highways, Okl., 377 P.2d 596. We find no error in the action of the trial court in permitting Ackley to express an opinion on the value of his land.

The only other error assigned by plaintiff is that the verdict and decision is not sustained by sufficient evidence and is contrary to law.

■ In support of this contention, plaintiff points out that defendant and his three witnesses testified that the damage to the land, in their opinion, was $1,400.00, and

points out that there was an amazing co-incidence that they all testified to the same figure, and that this indicated that these witnesses had agreed on a figure and had agreed to stick to it. This argument goes to the weight and credibility to be accorded the testimony of these witnesses, and this was a question for the jury.

On the question of the amount of defendant's damages, plaintiff offered the testimony of three witnesses who estimated the value respectively at $100, $150 and $200. Defendant's witnesses fixed the amount of damages to the land at $1,400.00, and the jury returned a verdict for $800.00.

In City of Pauls Valley v. Pruitt, Okl., 316 P.2d 160, the value, as testified to, ranged from $5,400.00 to $12,000.00, and we held that the evidence was sufficient to sustain a verdict for $9,000.00.

In Swyden v. State, ex rel. Dept. of Highways, Okl., 387 P.2d 613, the jury verdict was $8,000.00 more than the highest figures fixed by condemnor's witnesses and $8,000.00 less than the lowest figure testified to by condemnee's witnesses, and we sustained the verdict.

In Grand River Dam Authority v. Bymaster, supra, the estimates of value placed upon the property by defendant's witnesses ranged from $2,800.00 to $4,200.00, while the estimates of value of plaintiff's witnesses ranged from $1,775.00 to $2,076.00. See also Grand River Dam Authority v. Beauchamp, 189 Okl. 246, 116 P.2d 904; Cities Service Gas Co. v. Huebner, 200 Okl. 521, 197 P.2d 985; Grand River Dam Authority v. Audrain, 193 Okl. 55, 141 P.2d 97; Tulsa County Drainage District #12 v. Wright, 196 Okl. 436, 165 P.2d 639; Oklahoma Turnpike Authority v. Betremieux, 208 Okl. 171, 254 P.2d 771.

Since we have already held that defendant Ackley, owner of and a resident upon the land, was a competent witness, and it is not claimed that defendant's other three witnesses as to value were not qualified, and since the verdict of the jury was for an amount between the lowest and the highest figures testified to, we cannot say that the verdict is not reasonably supported by the evidence.

Finding no reversible error, the judgment of the trial court is affirmed.

This Court acknowledges the services of V. P. Crowe, who with Paul Darrough, Sr. and Loyd Benefield, as Special Masters, prepared an advisory opinion. These attorneys were recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Brry, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.