**ARKANSAS LOUISIANA GAS COMPANY,
Plaintiff in Error,**

v.

**Deno MAGGI and Gwendolyn Maggi, Husband and Wife, Defendants in Error.**

**No. 41072.**

Supreme Court of Oklahoma.

Dec. 21, 1965.

Tucker & May, by Charles B. Tucker, McAlester, for plaintiff in error.

Russell & Russell, by Wayne Russell, Wilburton, for defendants in error.

HALLEY, Chief Justice.

The Arkansas Louisiana Gas Company, a private corporation, hereinafter referred to as plaintiff, commenced this action in the District Court of Latimer County against Deno Maggi and Gwendolyn Maggi, hereinafter referred to as defendants, to condemn certain lands owned by said defendants. Plaintiff sought condemnation of

strip of land for use as a right-of-way for the construction of a pipeline. The right of the plaintiff to condemn the land is not challenged.

The jury fixed compensation to the defendants for the land condemned in the amount of $1,500. Plaintiff appeals from the verdict of the jury.

Plaintiff contends that the trial court erred in overruling its exception to the report of the appraisement commissioners and its application for the appointment of new commissioners. Its argument is predicated on the fact that one of the commissioners Dan Humphrey was disqualified to serve for the reason he was interested in a condemnation action where the City of Wilburton was seeking to condemn land owned by him for use in the building of a water filtering plant.

§ 53, Title 66, O.S.1961, governing the appointment of appraisement commissioners in condemnation actions states that the commissioners appointed "must not be interested in a like question". Assuming but not deciding that Humphrey was technically disqualified to serve as an appraisement commissioner the next question to determine is the effect of his disqualification on the validity of the present proceedings. Both parties demanded a jury and the amount of damages was fixed by a jury. Quite properly the jury was not informed of the amount awarded by the commissioners.

In the case of City of Tulsa v. Richmond, 123 Okl. 255, 253 P. 279, the plaintiff filed a condemnation action against a property owner. The property was appraised. The property owner excepted to the report of the commissioners and demanded a jury trial. An owner of a leasehold estate in the same property intervened but no new appraisement of the property was made. The jury returned a verdict in favor of the leaseholder.

The City prosecuted an appeal contending that the judgment was void because the interest of the leasehold owner in the property had not been appraised by commissioners before the jury trial.

This Court held that by intervening the owner of the leasehold interest "submitted himself to the jurisdiction of the district court and waived his right of appraisement. Of this the city may not complain".

 The plaintiff in the present case, demanded a jury trial and proceeded with a jury trial after his exceptions to the commissioners report had been overruled. There is no evidence that plaintiff was prejudiced by the irregularity, if any, connected with the appointment and report of the commissioners and the trial court committed no error in this matter.

Plaintiff urges as grounds for reversal that the trial court erred in declining to grant it a change of venue. In it's application for change of venue plaintiff alleges that bias and prejudice exists against it among the citizenship of Latimer County to such extent that it cannot receive a fair and impartial jury trial. At a hearing on the application an employee of the plaintiff was the sole witness offered by the plaintiff who testified in support of its allegation of bias and prejudice. Two additional witnesses offered by plaintiff testified on cross-examination that plaintiff could secure a fair and impartial trial in Latimer County. A third witness declined to express an opinion. Ten witnesses including the county attorney of Latimer County offered by the defendant testified that plaintiff could secure a fair and impartial trial in Latimer County. The evidence preponderates in favor of the defendant on this issue.

 An application for a change of venue is addressed to the sound discretion of the trial court, and the ruling thereon will not be reversed on appeal unless it appears that there was a clear abuse of discretion. Keck v. Bruster, Okl., 368 P.2d 1003; Grand River Dam Authority v. Beauchamp, 189 Okl. 246, 116 P.2d 904; Grand River Dam Authority v. Bymaster, 189 Okl. 245, 116 P.2d 902; Gee v. Security Bank & Trust Co., 186 Okl. 477, 98 P.2d

922; Southwestern Surety Ins. Co. v. Board of Com'rs of Coal County, 77 Okl. 137, 187 P.2d 467; Horton v. Haines, 23 Okl. 878, 102 P. 121. There was no abuse of discretion of the trial court in denying the application of the plaintiff for change of venue and his action in so doing is affirmed.

■ Plaintiff contends that irregularity occurred in the selection of the jury panel and the trial court erred in denying its motion to quash the jury panel. Its contention is based on the fact that J. L. Lawrence, sheriff of Latimer County, who participated in his official capacity in the drawing of the jury was interested in similar litigation pending in Latimer County, being the defendant in the case of Arkansas Louisiana Gas Co. v. J. L. Lawrence, No. 7894, District Court of Latimer County.

The undisputed facts are that during the fall of 1963, the jury wheel of Latimer County was filled with names of prospective jurors for service during the ensuing year in the courts of Latimer County. Present and participating in the proceedings were the County Assessor, the Court Clerk, the County Clerk, and Mace Coffey, Deputy Sheriff, representing J. L. Lawrence, Sheriff. The names of prospective jurors were selected from the tax rolls. The only screening done was the elimination of persons known to be deceased or having moved from the county. The remaining names were placed in the jury wheel. The wheel was properly locked and placed in the custody of the Court Clerk of Latimer County. The proceedings were regular and in full compliance with O.S.1961, Title 38, §§ 18, 19.

The jury panel out of which the trial jury in the instant case was drawn was from the jury wheel. Present at the drawing were the District Judge, the Court Clerk, J. L. Lawrence, Sheriff, and attorneys representing both parties to the instant litigation, as observers. The jury wheel was turned several times, unlocked and 88 names were drawn therefrom. No names were thrown aside or discarded and there was no screening. The proceedings were conducted in full compliance with O.S.1961, Title 38, §§ 20, 21. No objections were made to the procedure employed by the attorney observers.

■ A substantial compliance with the Oklahoma Statutes relating to the selection of jurors is sufficient. O.S.1961, Title 38, § 29, reads in part as follows:

"A substantial compliance with the provisions of this Chapter, shall be sufficient to prevent the setting aside of any verdict rendered by a jury chosen hereunder, unless the irregularity in drawing, and summoning or empaneling the same, resulted in depriving a party litigant of some substantial right; * * *."

The only irregularity asserted by the plaintiff is that relating to the contended disqualification of Sheriff Lawrence.

A similar situation was before the Oklahoma Court of Criminal Appeals in the case DeWolf v. State, 95 Okl.Cr. 287, 245 P.2d 107. DeWolf was convicted of the crime of murder and his punishment fixed at death. He contended that the jury panel should have been quashed for the reason that one of the jury commissioners, who participated in the selection of the jury panel had litigation pending in the Court where he was tried and convicted.

The Court of Criminal Appeals affirmed the conviction, stating:

"The record herein does not disclose that the defendant was deprived of any substantial right. Moreover, so far as this defendant is concerned there was a substantial compliance with the provisions of the chapter herein involved, for the litigation of the commissioner bears no relation to the case at bar. Furthermore, so far as the trial of this case was concerned there was no material departure from the forms prescribed as to law. It nowhere appears in the record that the jury commissioner had any interest in the outcome of the trial of DeWolf.

The rule is stated in 50 C.J.S., Juries, § 156, page 880, Note 34, and 35 C.J. page 260, Note 92, the fact that a 'jury commissioner has an action pending which will be determined by a jury drawn from the list selected by him,' will disqualify the commissioner from selecting jurors for that case, but 'is not ground of challenge to the array'. Turner v. State, 111 Tenn. 593, 69 S. W. 774, wherein it was held that such situation 'does not vitiate the proceedings of the commissioners when the other members of the board are qualified.' To the same effect is Walker v. State, 98 Tex.Cr. 663, 267 S.W. 988. This rule was followed in Viduarri v. Bruni, Tex.Civ.App., 179 S.W.2d 818, involving the jury wheel and the sheriff's participation in the use thereof where he has a suit pending to try title."

The Texas case Viduarri v. Bruni, Tex. Civ.App., 179 S.W.2d 818, cited with approval in DeWolf v. State, supra, involves facts almost identical with the facts in the case at bar. The jury panel was drawn from the jury wheel by a committee composed of the District Judge, a deputy sheriff of the sheriff who was a party to the law suit, and a deputy court clerk, whose superior the court clerk, was a son of the sheriff. Neither of the deputies were parties to the litigation. The court held the jury was not disqualified. A portion of the opinion reads as follows:

"The sole question therefore presented is whether or not a jury selected from a jury panel taken from a wheel in accordance with applicable statutory provisions is disqualified to sit in a case in which the sheriff of the county is a party. The selection of names from the wheel in accordance with the statutory directions is largely mechanical, and there is no contention that the statutory safeguards were not fully complied with in this case. The statute does not provide for an alternative method of selection of a jury panel for cases in which the sheriff is a party. We therefore conclude that neither the jury panel nor the petit jury selected from the panel were disqualified to sit in this case."

The statute governing challenges to the jury panel is O.S.1961, Title 22, § 633, and is as follows:

"A challenge to the panel can be founded only on a material departure from the forms prescribed by law, in respect to the drawing and return of the jury, or on the intentional omission of the sheriff to summon one or more of the jurors drawn, from which the defendant has suffered material prejudice."

■■ The burden was upon the plaintiff to establish that the illegality or wrong complained of as basis for challenging the juror panel caused it to suffer material prejudice. Dowell v. State, 96 Okl.Cr. 62, 248 P.2d 256; Houston v. State, 63 Okl. Cr. 49, 72 P.2d 526. It was incumbent upon the plaintiff to establish that the sheriff was disqualified by reason of his interest, bias or prejudice. Walkup v. State, 89 Okl.Cr. 39, 205 P.2d 332; Hammock v. State, 52 Okl.Cr. 429, 6 P.2d 14.

The jury in the instant case was selected in substantial compliance with O.S.1961, Title 38. There is nothing in the record indicating that the sheriff attempted in any way to screen the jurors or exercise any improper influence in their selection. The trial court correctly overruled the motion of the plaintiff to quash the jury panel.

■■ Plaintiff contends the trial court erred in admitting testimony offered by the defendant to the effect that he had planned to use a portion of land involved for the development of industrial sites. Plaintiff contends that such evidence is speculative. The evidence establishes that the land involved consisted of approximately 100 acres located approximately one-half mile southwest of the City of Wilburton and joins the college campus; that recent expansions to the City of Wilburton are toward the southwest. The evidence com-

plained of was not speculative. This Court held in City of Tulsa v. Biles, Okl., 360 P. 2d 723, that "Any and all purposes to which condemned land may be reasonably adapted should be considered in estimating its market value" and "[t]here was no error in admitting evidence of the value of condemned 80-acre parcel in city if it were sold in small tracts". No error was committed here.

■■■■■ Plaintiff contends the defendant Maggi and the witness, George Cochran, were not qualified to express an opinion as to the value of the condemned land. Maggi had been dealing in the buying and selling of real estate for approximately 8 or 10 years. Cochran was a licensed realtor and in previous years had dealt in real estate transactions involving land in the vicinity of the condemned land. He had not traded in the vicinity recently. He was familiar with the land involved. Both the witnesses were qualified to express an opinion as to the value of land. Wichita Falls & N. W. Ry. Co. v. Harvey, 44 Okl. 321, 144 P. 581: This Court is committed to the rule that in condemnation proceedings the question of the qualifications of an expert witness is addressed to the sound discretion of the trial court and its ruling that a witness is sufficiently qualified will not be disturbed on appeal unless it clearly appears that this discretion has been abused. Finley v. Board of County Commissioners, Okl., 291 P.2d 333; Incorporated Town of Sallisaw v. Priest, 61 Okl. 9, 159 P. 1093; Wichita Falls & N. W. Ry. Co. v. Harvey, supra.

■■■■■ Lastly, plaintiff contends that the verdict and decision is not sustained by sufficient evidence, and is contrary to law. The condemned land constituted of a strip, 2006 feet long and 80 feet wide, comprising 3.68 acres traversing entirely across a 100-acre tract. Defendant and two witnesses offered by him fixed his damages at $3000. Plaintiff offered the testimony of two witnesses. One fixed the damages for the taking at $400. The other at $500. The jury returned a verdict for $1,500.00.

The verdict is supported by competent evidence and under the well established rule of this Court will not be disturbed on appeal. Rose v. Board of County Com'rs of McCurtain County, 206 Okl. 105, 241 P.2d 399. This Court will not substitute its judgment for that of a jury in the matter of damages to be awarded for the condemnation of property for public use where evidence on that issue is conflicting. Missouri-Kansas-Texas R. Co. v. Callison, Okl., 383 P.2d 696; Ponca City v. Lewis, 177 Okl. 390, 60 P.2d 727.

Judgment affirmed.