HIGHWAY DEPARTMENT — INTEREST ON COMMISSIONERS AWARD AND JURY VERDICT The Highway Department complies with State law when it pays condemnees six per cent (6%) per annum interest on the excess of the jury's verdict over the Commissioners' Award from the date of taking to the day on which judgment is rendered; and when it pays ten per cent (10%) per annum interest on the excess of the jury's verdict over the Commissioners' Award from the day on which judgment is rendered until paid. The Attorney General has had under consideration your letter of August 24, 1970, wherein you in effect ask the following two questions: 1. Is the Highway Department complying with State law in paying the landowners six percent per annum from the date of taking (date of deposit of Commissioners' Award into court) to the date of judgment on a jury verdict in excess of the Commissioners' Award? 2. Is the Highway Department complying with State law in paying the landowners ten percent per annum interest from the date of judgment until paid? Article II, Section 24 Oklahoma Constitution, provides in part that: "Private property shall not be taken or damaged for public use without just compensation. Such compensation . . . shall be ascertained by a board of commissioners of not less than three freeholders . . . . The commissioners shall not be appointed by any judge or court without reasonable notice having been served upon all parties in interest. The commissioners shall be selected from the regular jury list of names prepared and made as the Legislature shall provide. Any party aggrieved shall have the right of appeal, without bond, and trial by jury in a court of record. Until the compensation shall be paid to the owner, or into court for the owner, the property shall not be disturbed, or the proprietary rights of the owner divested. When possession is taken of property condemned for any public use, the owner shall be entitled to the immediate receipt of the compensation awarded, without prejudice to the right of either party to prosecute further proceedings for the judicial determination of the sufficiency or insufficiency of such compensation." O.S.L. 1970, Ch. 224, 3, provides that: "The legal rate of interest shall be six per cent (6%) in the absence of any contract as to the rate of interest, and by contract the parties may agree to any rate as may be authorized by law, now in effect or hereinafter enacted." (Emphasis added) Title 15 O.S. 274 [15-274] (1969), provides: "All judgments of courts of record shall bear interest from the day on which they are rendered, at the rate of ten percent (10%) per annum: Provided, that when a rate of interest is specified in any contract, that rate shall continue until full payment is made, and any judgment rendered on any such contract shall bear the same rate of interest mentioned in the contract, which rate shall be specified in the judgment; but in no case shall such rate exceed the legal contract rate at the date of such obligation." (Emphasis added) It is settled that the condemnee, if the judgment exceeds the commissioner's award previously paid into court, is entitled to interest on the excess of the judgment above the commissioners' award from the date of taking (payment of the commissioners' award to the condemnee or into court). St. Louis, E.R. W.R. Co. v. Oliver, 17 Okl. 589, 87 P. 423 (1906); Oklahoma City v. Wells, 185 Okl. 369, 91 P.2d 1077 (1939); Grand River Dam Authority v. Grand-Hydro, 200 Okl. 157, 201 P.2d 225
(1947); Cities Service Gas Co. v. Huebner, 200 Okl. 521,197 P.2d 985 (1948). The Oklahoma Supreme Court has approved of this procedure relying on the "just compensation" language of Article II, 24, of the Oklahoma Constitution, supra. It is stated in 27 Am.Jur.2d Eminent Domain 302, that: "With respect to the rate of interest, the cases agree, either by express statements or by implication, that the owner of property taken in eminent domain proceedings is entitled to a reasonable rate of interest. . . . Generally speaking, the usual or legal rate of interest in the locality where the condemned property is located is held to be a fair measure of the amount to compensate the owner for the delay in paying the award. . . ." (Emphasis added) Title 25 O.S. 1 [25-1] (1961), provides: "Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears. . . . In the first paragraph of the syllabus of Smith v. Southwestern Bell Telephone Co., Okl., 349 P.2d 646 (1960), the Court said: "Where there are two statutes upon the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is to remain in force as an exception to the general." It is therefore the opinion of the Attorney General that both of your questions should be answered in the affirmative. The Highway Department complies with State law when it pays condemnees six per cent (6%) per annum interest on the excess of the jury's verdict over the Commissioners' Award from the date of taking to the day on which judgment is rendered; and when it pays ten per cent (10%) per annum interest on the excess of the jury's verdict over the Commissioners' Award from the day on which judgment is rendered until paid. (WILLIAM M. BONNELL)