## GRAND RIVER DAM AUTHORITY v. ROSE.

No. 30560. June 15, 1943.

Rehearing Denied June 12, 1945.

Application for Leave to File Second Petition for Rehearing Denied Sept. 25, 1945.

*161 P. 2d 766.*

Edward P. Marshall and Jesse L. Ballard, both of Tulsa, for plaintiff in error.

Frank Nesbitt and Nelle Nesbitt, both of Miami, for defendant in error.

PER CURIAM. This is a proceeding in condemnation commenced by Lillie Pearl Rose, hereinafter called plaintiff, against the defendant, the Grand River Dam Authority. A judgment on the verdict of a jury was entered for $540 representing the depreciation in value of aproximately 157 acres of plaintiff's farm land. Defendant has appealed seeking to reverse said judgment.

So far as necessary the facts, briefly stated, are that defendant concedes an actual taking of 8/10ths of an acre. The land of plaintiff fronted the Neosho river and consisted of two lots, one being referred to as lot 26, the other as lot 27. These lots are for all practical purposes intersected or offset by a road and bridge across the Neosho river. The west portion of lot 26 is the land on which the 8/10ths acre strip is located. The chief questions presented in the appeal are whether there is any evidence that the road, of which a part is the bridge hereinafter called the Connor bridge road, will be flooded by the construction; whether the court erred in submitting to the jury the matter of damages by impairment of ingress and egress due to the alleged flooding of this roadway.

The allegations of error are presented in five propositions. In presenting the first proposition, which is in fact inclusive of all the remaining propositions, the defendant argues that in fixing the compensation at $540 it is apparent that the jury must take into consideration the matter of ingress and egress to the land remaining after the severance of the 8/10ths acre; that at the time of the commencement of the proceeding in the trial court and at the time the jury award was made ingress and egress to and from the lands in question had in no wise been interfered with, impaired, or disturbed, and that in this instance the recovery of compensation on the basis of loss of, or impairment to, ingress and egress was premature and not warranted or justified under the record made in the trial court. Proposition 3 is the alleged error in refusing an instruction based on this theory. Proposition 4 is the alleged error in submitting an instruction which authorized the jury to take into consideration the impaired ingress and egress. This includes all the defendant's propositions except proposition No. 2, which shall be considered hereinafter.

The defendant has cited Page v. Oklahoma City, 129 Okla. 28, 263 P. 448; City of Tulsa v. Hindman, 128 Okla. 169, 261 P. 910; Oklahoma City v. Vetter, 72 Okla. 196, 179 P. 473, and City of Muskogee v. Hancock, 58 Okla. 1, 158 P. 622. As stated fairly by the defendant these cases allowed recovery for consequential damages after the compensation for the actual taking had occurred. In our opinion these cases do not support the position taken. Defendant concedes this, but argues that the converse of the rule applies, and that since these cases hold that a recovery can be had when the consequential damages occur, it necessarily follows that if the consequential damages have not occurred, no recovery for consequential damages can be had.

We find nothing in these cases to support the view that the plaintiff is not entitled to recover all in one proceeding, the actual damages for the property taken and the consequential damages, if said consequential damages are susceptible of proof.

The general rule is that in condemnation proceedings damages are assessed once for all injuries resulting from the appropriation. Stedman v. State Highway Commission, 174 Okla. 308, 50 P. 2d 657; State v. Adams, 187 Okla. 673, 105 P. 2d 416; Grand River Dam Authority v. Thompson, 187 Okla. 129, 101 P. 2d 843. In State v. Adams, supra, it was held that all anticipated damages reasonably incident to the construction could be recovered. In State Highway v. Smith, 146 Okla. 243, 293 P. 1002, this court announced the rule that under section 24, art. 2, of the Constitution, providing that private property shall not be taken or damaged for public use

without just compensation, a recovery may be had in all cases where private property is damaged in making an improvement that is public in its nature, and that it is not required that the damages shall be caused by trespass or an actual physical invasion of the owner's real estate; but if the construction is the cause of the damage; though consequential, the owner of the property damaged may recover.

In this connection it is argued that there is no competent evidence which will support a verdict of $540 based either on the taking of the 8/10ths acre or the consequential damages to the remaining lands. The engineer for the defendant perhaps gave the most satisfactory testimony during the proceeding. He, in fact, concedes that a flooding of the lake to the water level will interfere with the roadway leading to and from the Connor bridge. There is other competent evidence reasonably tending to support the verdict. Qualified witnesses, taking into consideration the various elements of damages, testified that there was a depreciation in value of $8 per acre. The judgment was for less than half this amount.

This leaves for our consideration proposition 2. This alleged error is based on an offer of a commissioners' proceeding in Ottawa county to a proposed settlement between defendant Authority and said commission. It seems to be the theory of the defendant that the Connor bridge and the roadway leading thereto were reserved and excluded in this agreement or settlement and that this showed at least that the county commissioners of Ottawa county and the defendant Authority knew that this road was to be left open. Speculation is indulged in that something will be done by the county commissioners of Ottawa county to keep the roadway open. We think the question of whether the roadway will be flooded is one of fact. Any agreement between the defendant Authority and the county commissioners of Ottawa county could not determine this question as between the plaintiff and the defendant. In this connection, see Grand River Dam Authority v. Thompson, supra. We find no error in the rejection of this offer in evidence of this agreement between the defendant and the county commissioners of Ottawa county which excluded the Connor bridge road. It could not affect the taking of plaintiff's private property. We do not believe that defendant has presented any fundamental error in this proposition.

We have given careful consideration to the alleged errors on review and find that substantial justice is represented in the verdict and judgment, and the said judgment is in all respects affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur.

WELCH, J. (dissenting). I think there was error in submitting to the jury the matter of damages for the so-called impairment of ingress and egress.