OKLAHOMA TURNPIKE AUTHORITY v. BETREMIEUX et ux.

No. 35555.   March 10, 1953.

*254 P. 2d 771.*

Leon Shipp and C. E. Barnes, Oklahoma City, for plaintiff in error.

P. D. Erwin, Chandler, for defendants in error.

ARNOLD, J. This is an appeal by Oklahoma Turnpike Authority from a judgment of the district court of Lincoln county awarding damages to defendants, A. J. Betremieux and Maude Betremieux. The plaintiff in its petition seeks to condemn the fee-simple title to surface rights on certain described property located in Lincoln county, upon which defendants hold a preference lease issued by the Commissioners of the Land Office of the State of Oklahoma. In the petition it is sought to condemn approximately 12.28 acres across defendants' lease for the purpose of constructing a turnpike and also seek to condemn a temporary grant of 14.16 acres for the purpose of opening and cleaning stream channels.

The Commissioners in condemnation appointed by the court fixed defendants' damage in the sum of $650. Defendants filed exceptions to the Com-

missioners' report which were overruled; they thereafter filed a demand for jury trial.

The cause was tried to a jury resulting in a verdict in favor of defendants, assessing damages against plaintiff in the sum of $2,500.

Plaintiff in due time filed a motion for new trial on the grounds that the jury by its verdict awarded the defendants excessive damages and that the evidence is insufficient to support the verdict. On the hearing of this motion the court indicated that unless defendants filed a remittitur within five days in the sum of $500 the motion for new trial would be sustained. The remittitur suggested was filed by defendants and the motion for new trial was overruled and judgment was rendered by the court in favor of defendants in the sum of $2,000.

Plaintiff appeals and asserts that the verdict of the jury even after having been reduced by the remittitur is excessive and contrary to the weight of the evidence and the court erred in overruling its motion for new trial.

The evidence as to the damages sustained by defendants is in conflict. It shows that defendants are the owners of a preference lease consisting of 160 acres located in Lincoln county and plaintiff has obtained a right of way over this land for the purpose of constructing a turnpike. The evidence shows that the turnpike is being constructed diagonally across defendants' lease; that it enters upon his lease a short distance south of the northeast corner thereof and transverses the lease in a southwesterly direction to the west boundary line thereof. The turnpike will cause defendants' lease to be divided into two tracts, one to the north and one to the south of the turnpike. Defendant A. J. Betremieux, in substance, testified that the tract on the north side of the turnpike consists of timber and pasture land on which he pastures his stock consisting of milk cows, a number of calves and his work horses. In the center of his lease and on

the south side of the turnpike is located a never-failing spring from which he obtains water for his stock. The improvements are constructed on the south side of the turnpike and all of his cultivated land is on the same side; it will be necessary that the Turnpike Authority fences both sides of the pike. Defendants will have no ready access from the south tract of their land to the north tract. The construction of an underpass is not contemplated by plaintiff and defendant's stock upon the completion of the highway will be completely cut off from water. The only way he may pass from one tract of the land to the other is by traveling east to the east boundary line of his land and across a bridge constructed on the section line and it will be necessary for him to move his stock in this manner in order to obtain water. Defendant A. J. Betremieux testified that the value of the lease immediately before the taking was approximately $6,000 and that it was worth $2,500 less after the taking. Other witnesses testifying in behalf of defendants fixed the damages at $1,500 to $2,000. Plaintiff's witnesses estimated defendants' damages at various figures from $800 to $1,250. All of these witnesses based their estimate of damages on the difference between the value of defendants' lease immediately before and after the taking.

Counsel for plaintiff asserts that a verdict under the evidence in excess of $1,800 would not be reasonably supported by the evidence. This assertion is based on the evidence of the witness Fred Cobb, testifying for defendants, who fixed defendants' damages based on the difference between the value of their lease immediately before and after the taking, at from $1,800 to $2,000. It is further asserted that the estimate made by witness Cobb of the damages sustained is higher than that of any other witness in the case except the evidence of A. J. Betremieux, and that his evidence did not justify an award in excess of $1,800; that a verdict based on the evidence of defendant Betremieux alone could not be said to be reasonably supported by the evidence and that the judgment entered based on the remittitur is therefore not reasonably supported by competent evidence.

This contention cannot be sustained. We think there is sufficient competent evidence to sustain the verdict returned, and as stated by the Turnpike Authority, if the amount awarded is reasonably supported by the testimony, the verdict of the jury, and the judgment based thereon, will not be disturbed on appeal. Bush v. Oklahoma City, 194 Okla. 504, 154 P. 2d 960; Grand River Dam Authority v. Rose, 195 Okla. 698, 161 P. 2d 766; Denney v. State ex rel. King, 179 Okla. 35, 64 P. 2d 298; Nichols v. Oklahoma City, 195 Okla. 305, 157 P. 2d 174.

It is further contended by plaintiff that since the court indicated in passing on the motion for new trial that it could not approve the verdict for the reason that damages awarded were excessive, it was its duty to set aside the verdict and grant plaintiff a new trial; that it had no authority upon the filing of remittitur to approve the verdict and overrule the motion. We do not agree. If the court could not conscientiously approve the verdict for the reason that it deemed the damages awarded defendants excessive, it had the right to require a remittitur in such an amount as would make it acceptable or conscionable. Petite v. Davis, 203 Okla. 547, 223 P. 2d 1082. If the defendants did not, under such circumstances, file a remittitur the court could and would be obliged to grant a new trial. Defendants did consent thereto as is evidenced by the filing of the remittitur.

The trial court committed no error in overruling plaintiff's motion for new trial.

Judgment affirmed.

HALLEY, C.J., and CORN, DAVISON, O'NEAL, and WILLIAMS, JJ., concur.