Alice L. CUNNINGHAM, Plaintiff in Error,

v.

STATE of Oklahoma ex rel. OKLAHOMA
PLANNING AND RESOURCES
BOARD, Defendant in Error.

No. 36313.

Supreme Court of Oklahoma.

Dec. 14, 1954.

Stinson & Williams, D. S. MacDonald,
Jr., Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker
Field, Asst. Atty. Gen., Don Welch, Don E.
Welch, Madill, for defendant in error.

ARNOLD, Justice.

The State of Oklahoma ex rel. Okla-
homa Planning and Resources Board,
brought this proceeding before District
Judge of Marshall County to condemn a
certain described 21.5 acre tract of land
owned by Alice Cunningham, alleging that
said tract was contiguous to some 2,200
acres theretofore acquired by said Board
along the south and west banks of Lake
Texoma for park and recreational pur-
poses, and the acquisition of this tract was
necessary to protect such area theretofore
acquired from pollution and interference
and for the extension of such park area.

Defendant filed her motion to dismiss
alleging lack of jurisdiction of the court
because there was no necessity for the tak-
ing of her land and that no bona fide effort
was made prior to the filing of suit to effect
a settlement with defendant.

Thereafter defendant appeared at the
hearing held for the purpose of appointing
commissioners to appraise the property in-
volved and agreed with plaintiff upon the
individuals chosen to serve as commission-
ers. Thereafter the commissioners made
their report and assessed defendant's dam-

age sustained by reason of the taking of her property at $4,300, or $200 per acre. Plaintiff filed its motion to confirm the report of the Commissioners. Defendant filed her demand for jury trial, expressly reserving her right to pursue to final judgment her motion to dismiss on the ground of plaintiff's lack of right to condemn the land.

Thereafter the case came on for trial.

Plaintiff's evidence reasonably tends to show that the State owns 254 acres on the south and west banks of Lake Texoma; that it has a 99-year lease from the Federal Government on 2,200 additional acres; that the state is now engaged in the sale of revenue bonds for the purpose of constructing a lodge with dining facilities, cabins, a fisherman's lodge, and other facilities in the park area; that the 21.5 acres owned by defendant is immediately contiguous to the area set aside for the building of the lodge and deluxe cabins; that this acreage is necessary for the construction of playground areas for children and other recreational facilities, for the future expansion of the cabin area, and to protect the cabin and lodge areas from the tract being used by private parties for purposes not compatible with the park area, such as for dance halls and beer taverns; that a portion of it may be used for sewage disposal purposes; that this 21.5 acres is essential to the proper development of the state park; a copy of the minute book of the Oklahoma Planning and Resources Board was introduced in evidence showing that on February 16, 1953, at a regular meeting of the Board, it was reported to the board that there was a tract of 21.5 acres in the middle of what would be a heavy public use area which was still privately owned; that this 21.5 acres was supposed to have been condemned by the Game and Fish Commission along with 254 other acres of land in the area but through inadvertence had been omitted; that this 21.5 acres was essential to the development for public use of Texoma State Park and to effectuate the purposes for which the other lands had been condemned in the area; that it was moved that the Board resolve to acquire the 21.5 acres; that the owner

be offered $200 per acre and that a certain firm of attorneys be retained to make the offer and to bring condemnation action if the offer was not accepted; that this motion was carried; one of the attorneys for plaintiff testified that prior to filing the condemnation action he called defendant's attorney and made an offer to buy the land for $200 per acre; that defendant's attorney replied that he had no authority to accept or reject the offer; that plaintiff's attorney made an attempt to get in touch with defendant but was unable to do so; that he then filed the condemnation action; that about two days later, after repeated attempts, he finally got in touch with defendant who said her attorney had advised her of plaintiff's offer and that she had rejected it, that the offer was not enough.

Defendant's evidence reasonably tends to show that there was a 1-acre tract contiguous both to defendant's land and the land theretofore acquired by the Planning and Resources Board which the Board had allowed the owner thereof to retain upon his agreement to cover said one-acre tract by restrictive covenants as to the use of the tract and that said restrictive covenants had been placed of record; the resolution of the Game and Fish Department whereby it agreed to assist the Planning and Resources Board in acquiring 300 acres of land in the area was introduced in evidence.

The court found that plaintiff had the right to condemn the land here involved and entered its order overruling defendant's motion to dismiss. From order overruling motion for new trial defendant appeals.

Defendant contends that plaintiff did not make a bona fide offer to purchase prior to the institution of the condemnation proceedings as required by 66 O.S. 1951 § 57 and as such bona fide attempt to purchase is a condition precedent to the bringing of condemnation proceedings the court was without jurisdiction and should have sustained the motion to dismiss.

■■■ The evidence shows that plaintiff offered defendant's attorney $200 per acre for the land prior to filing the suit; that the attorney stated he had no authority to

accept or reject the offer; that after suit was filed defendant advised plaintiff the offer had been conveyed to her and had been rejected; thereafter defendant contested the condemnation action on the ground that plaintiff had no right to take the land at all. The appraisers fixed the value of the land at the very price offered by plaintiff, $200 per acre, and defendant took exceptions to this award and demanded a jury trial. It is evident that defendant would not agree on any terms with plaintiff and that any attempt to agree upon the value of the land would be futile. The general rule is stated in 18 Am.Jur. page 963, Eminent Domain, as follows:

"When attempt to agree upon value would be futile, no attempt need be made. Where the owner contests on the merits, he waives the objection of failure to attempt to agree on compensation."

See also annotation in 8 A.L.R. 472, and Delfeld v. City of Tulsa, 191 Okl. 541, 131 P.2d 754, 143 A.L.R. 1032.

Defendant next contends that plaintiff did not enact or adopt a proper resolution showing the necessity for the taking of the real estate as required by law.

Under 66 O.S.1951 § 57 and 74 O.S.1951 § 356.2 the Planning and Resources Board is given the power to acquire real property by purchase, gift, lease, condemnation, or in any other manner. The minutes of the Board introduced in evidence show that tract was in the center of a heavy public use area and that the Board decided that the acquisition of this tract was essential to the development for public use of the park; that a motion was made and carried that the Board resolve to acquire this land and offer to pay the owner thereof $200 per acre. The statutes authorizing the Board to condemn land, supra, make no requirement that any formal resolution be adopted by the Board as a condition precedent to bringing such proceedings. The statutes merely give the Board power to acquire land by condemnation. If, for the sake of argument, we concede that a resolution was necessary to authorize the bringing of condemnation proceedings, the action taken by the Board as reflected by the minute was sufficient to accomplish the purpose.

Defendant further contends that the evidence fails to show a necessity for the taking of the real estate other than for mere speculative purposes.

The evidence shows that this land is contiguous to a heavy public use area, that the land is needed for children's playgrounds and picnic areas, that the land is situated contiguous to the lodge and cabin areas and will be needed for future expansion in that regard. We cannot say as a matter of law that the judgment of the trial court that there was a reasonable necessity for the taking of the land and that it would be used for a public purpose is clearly against the weight of the evidence. Grand River Dam Authority v. Thompson, 189 Okl. 89, 113 P.2d 818.

Affirmed.