### MUSKOGEE URBAN RENEWAL AUTHORITY, Appellee,

v.

**Cleo Buford GARRETT, a/k/a C.B. Garrett, d/b/a C.B. Garrett Plumbing, a sole proprietorship; Reba Maurine Garrett, Appellants,**

**and**

**John H. Farley, County Treasurer of Muskogee County, Oklahoma, Defendant.**

**No. 70455.**

Court of Appeals of Oklahoma, Division No. 3.

Nov. 21, 1989.

Rehearing Denied Dec. 7, 1989.

Certiorari Denied Dec. 17, 1991.

**1068**

Donald K. Switzer, Logan, Lowry, Johnston, Switzer, West & McGready, Vinita, for appellants.

R. Forney Sandlin, Muskogee, for appellee.

## MEMORANDUM OPINION

REYNOLDS, Judge:

Defendants Garrett appeal from an order overruling their objections to a commissioners' report pertaining to two lots located in Muskogee, Oklahoma, designated as a "blighted area" by Plaintiff Muskogee Urban Renewal Authority (MURA).

MURA was formed pursuant to 11 O.S. § 38–101 et seq (formerly 11 O.S. § 1602 et seq) in 1970 and shortly thereafter developed an urban renewal plan for the City of Muskogee, with amendments thereto in 1972, 1982, 1984 and 1985. Defendants' property was part of the designated redevelopment area from 1982 forward. On April 1, 1987, MURA filed a condemnation action against Defendants. Commissioners were duly appointed and filed their report on June 10, 1987. Defendants objected to "the taking" and the cause was submitted to the trial judge on the merits. The trial court entered its final order January 29, 1988, and later stayed the condemnation proceedings pending appeal.

■ Defendants' first proposition of error is that the City Council failed to make the necessary findings of feasibility and necessity pursuant to 11 O.S. § 38–106(E) and 11 O.S. § 38–111(A), and therefore the condemnation action on behalf of MURA is void and of no legal effect. We find this argument without merit. The record contains a resolution numbered 1530 and dated December 28, 1987 by the City Council of Muskogee setting forth specific findings of fact and statements of necessity in full compliance of the aforementioned statutes. The fact that this resolution is predicated on a nunc pro tunc order by the trial judge does not render it ineffective.

■ Defendant's second proposition of error is that although their two lots were within the designated "blighted area" it is not necessary to "take" their property because all the blight in the area has been cured. The proper standard for review of an objection questioning the "necessity of the taking and public use" is concisely set

forth in paragraph 2 of the court's syllabus in *Cunningham v. State*, 277 P.2d 990 (Okla.1954), which states:

"Where the issues present a question therein of fact as to the reasonable necessity of the taking and as to the character of the use of the land sought to be taken the judgment of the trial court will not be disturbed unless clearly against the weight of the evidence."

An examination of the record suggests there was ample evidence to sustain the trial court's decision to overrule Defendant's objection to the taking based on a lack of "necessity and public use determination." The evidence considered by the trial court included a video tape, pictures, maps, and numerous slides depicting the condition of the urban renewal area at the time the City Council made their decision to include Defendants' property in the urban renewal redevelopment plan. The trial court had the benefit of testimony of the City Planner who testified as to the condition of the area at the time the City Council determined what portions of the downtown area would be included in the plan. The court also had the benefit of expert testimony by a recognized urban planning authority who stated specific reasons concerning the necessity of including the property in the redevelopment plan. We do not find the trial court's holding against the weight of the evidence.

■ Appellants' final proposition of error is a vague reference to fraud, collusion and bad faith in the present condemnation proceeding. A close examination of the record indicates there are no facts to support this proposition, but by innuendo Defendants imply that the use of private resources in a redevelopment plan is tantamount to perversion of the power of eminent domain. This issue has been well settled in *Isaacs v. Oklahoma City*, 437 P.2d 229 (Okla.1967). At page 234 the Court states:

As objection No. 5, the plaintiff contends that the act allows the city and the authority to condemn property and then to sell it to private interests. A review of the authorities indicates that this is one of the most frequently raised objections to Urban Renewal Acts. Without exception, redevelopment programs have been upheld against this type of objection, usually on the grounds that the public use or public purpose is legitimately served by the legislative object of slum or blighted area clearance, and the fact that private interests benefit incidentally or that private parties acquire ownership after the public purpose of the elimination of the undesirable conditions has been served, is merely incidental to the main legislative purpose ... We therefore, in accord with the weight of authority, hold plaintiff's 5th objection to be without merit.

We uphold the trial court's determination that the subject property serves the public use even though it was developed by private funds. This proposition of error also is without merit.

AFFIRMED.

HANSEN, P.J. and BAILEY, C.J. concur.